UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAIM SHAKIR | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | ARBITRATION DEMANDED |
| | : | |
| vs. | : | |
| | : | NO. |
| CVS PHARMACY, INC. | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

The plaintiff, Naim Shakir, by and through his undersigned counsel, brings this injury action against Defendant, CVS Pharmacy, Inc. (hereinafter "CVS" or "Defendant"), and makes the following allegations.

## PARTIES

1.    Plaintiff is an adult individual residing at 711 Spring Garden Street, Apt. 216, Philadelphia, PA 19123 and is a citizen of the Commonwealth of Pennsylvania.

2.    CVS Pharmacy, Inc. is a foreign corporation authorized to do business in the Commonwealth of Pennsylvania, with a principal place of business located at 1 CVS Drive, Woonsocket, RI, 02895.

## JURISDICTION AND VENUE

3.    The matter in controversy in this case exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. As Plaintiff and CVS are citizens of different states, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2) and (3).

4.    Venue is proper in this Court under 28 U.S.C. §1391(a) because jurisdiction is founded on diversity of citizenship and because a substantial portion of the events

and conduct giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FACTS

5. At all times relevant and material hereto, Defendant CVS acted individually and/or by and through its agents, servants, workmen, and or/employees, who were at all times acting in the course and scope of their agency, servitude, and/or employment.

6. At all times relevant and material hereto, Defendant CVS was the owner, landlord, lessor, occupier, possessor, and/or manager of the CVS premises located at 490 N. Broad Street, Suite 100, Philadelphia, PA 19130, known as store #11177.

7. At all times relevant and material hereto, Defendant, by and through its agents, servants, workmen and/or employees who were at all times acting in the course and scope of their agency, servitude, and/or employment, was, as the owner, occupier, manager, and/or operator, responsible for the supervision, operation, management, and/or safety upon the premises of the CVS store located 490 N. Broad Street, Suite 100, Philadelphia, PA 19130, known as store #11177.

8. On March 25, 2024, Plaintiff, Naim Shakir, was a business invitee upon the CVS premises located at located 490 N. Broad Street, Suite 100, Philadelphia, PA 19130.

9. On the aforesaid date and at the aforesaid location, Plaintiff received permission from a store manager named Samar Moore to use a personal plastic bag to fill with items intending to be purchased as there were no carts available.

10. While he was collecting items to purchase as permitted by Samar Moore, Plaintiff was approached by another CVS employee named Chris Johnson, who accused Mr. Shakir of stealing the items plaintiff had put in his bag.

11. Mr. Johnson threatened that plaintiff would be arrested and requested that a Philadelphia Police Officer who was in the store do so.

12. At that same time and place plaintiff attempted to find Samar Moore to explain that he had permission to use his plastic bag.

13. Plaintiff was physically restrained by Chris Johnson and an unknown Philadelphia Police Officer with the last name Coleman from movement and from attempting to contact Samar Moore.

14. Subsequently, the situation was cleared amongst Mr. Shakir, Samar Moore, Chris Johnson, and the unknown officer before the police officer left the scene.

15. As a direct and proximate result of the averred intentional and/or negligent acts of Defendant, Plaintiff, Naim Shakir suffered serious, severe, and/or permanent psychological and/or emotional injuries, damages including but not limited to post-traumatic stress disorder, anxiety disorder, depressive symptoms and other secondary problems and complications, the full extent of which are not yet known and some or all which may be permanent in nature.

16. As a further result of the negligence of Defendant, Plaintiff was and is prevented from attending to his normal duties, occupations and avocations.

17. In addition, he suffered and continues to suffer pain, mental anguish, humiliation, loss of sense of worth and well-being, inability to engage in his normal activities and inability to pursue the normal and ordinary pleasures of life.

18. Plaintiff's injuries and damages directly and proximately resulted solely from the intentional, reckless, and/or negligent acts of Defendant, was due in no manner whatsoever to any act or omission by the Plaintiff himself.

19. Defendant is responsible for the acts and/or omission of its employees under the principle of respondeat superior.

20. The negligence of Defendant consisted of the following:

   a. Its employee Samar Moore failed to alert other employees that plaintiff had been permitted to use his own bag to collect items for purchase;

   b. Failing to provide sufficient means for its patrons to shop including sufficient carts;

   c. Failing to adequately select and/or hire security employees with sufficient qualifications to ensure the safety and well-being of business invitees upon the premises, including Plaintiff;

   d. Failing to properly screen prospective employees and/or security personnel prior to their employment by Defendant upon the premises;

   e. Failing to adequately train staff, employees, and/or personnel upon Defendants' premises to ensure the safety and well-being of business invitees upon the premises, including Plaintiff;

   f. Failing to adequately supervise the staff, employees, and/or personnel upon Defendants' premises to ensure the safety and well-being of all business invitees upon the premises;

g.  Failing to adequately staff Defendants' premises with a sufficient number of staff, employees, and/or management personnel to supervise security personnel upon the premises;

h.  Failing to set, formulate, and/or implement procedures and/or policies for staff and/or security personnel upon the premises;

i.  Falsely imprisoning plaintiff;

j.  Falsely accusing plaintiff of stealing; and

k.  Falsely requesting a Philadelphia Police Officer to arrest plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with lawful interest and costs.

**Respectfully submitted,**

**AGOSTINO CAMMISA, ESQUIRE**
**I.D. No. 19692**
**ZAFRAN LAW GROUP,**
**1800 John F. Kennedy Boulevard, Suite 400**
**Philadelphia, PA 19103**
**Email: acammisa@zafranlaw.com**
**Telephone: 215-575-7602**
**Attorney for Plaintiff**

## VERIFICATION

I, _Naim Shakir_    am a plaintiff in this action and hereby verify that the attached _Complaint_                is based on first-hand information and/or information furnished to my counsel and/or obtained by him/her.  The language of the document is that of counsel.  To the extent that the contents of the document are based on information furnished to counsel and/or obtained by him/her, the affiant has relied upon counsel in taking this verification.  All statements are founded upon reasonable belief.  The verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

_3/19/26_

Date